IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. WR-80,307-01






EX PARTE ANTHONY LEE JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 41097-B IN THE 124TH DISTRICT COURT


FROM GREGG COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to sixteen years' imprisonment. 

 Applicant contends that his appellate counsel rendered ineffective assistance because he did
not file a timely notice of appeal. We remanded this application to the trial court for findings of fact
and conclusions of law.

 The trial court has determined that appellate counsel's performance was deficient and that
counsel's deficient performance prejudiced Applicant. We find that Applicant is entitled to the
opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 41097-B from
the 124th District Court of Gregg County. Applicant is ordered returned to that time at which he may
give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful
appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall
be calculated as if the sentence had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps
to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: March 12, 2014

Do not publish